IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRADLEY R. CLARK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  5:14-CV-450-XR |
| | § | |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | § § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 3.  For the following reasons, the Court GRANTS the motion.

## I. BACKGROUND[1]

In December 2006, Plaintiff Bradley R. Clark obtained a mortgage to purchase real property at 8006 Ruidoso Chase, Selma, Texas 78154 (the "Property").  In connection with the mortgage, Plaintiff executed a promissory note (the "Note") and a security instrument (the "Deed of Trust).  Plaintiff asserts that Defendant JP Morgan Chase Bank, N.A. now owns the Note and Deed of Trust.

Between late 2013 and early 2014, Plaintiff fell behind on his mortgage.  In April 2014, Plaintiff received notice that a foreclosure sale of the Property was scheduled for May 6, 2014. Plaintiff insists that prior to the sale date he made multiple attempts "to obtain a precise amount to pay [Defendant] to prevent foreclosure of the Property." Pet. ¶ 6.  Plaintiff, however, was unable to obtain a reinstatement amount.

---

[1] The background facts are drawn from Plaintiff's state-court petition, with all non-conclusory factual allegations accepted as true. Docket No. 1, Ex. A-2; *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On the date of the scheduled foreclosure sale, Plaintiff filed a lawsuit in the 288th Judicial District Court of Bexar County, Texas. Docket No. 1, Ex. A-2.  In his petition, Plaintiff asserts "that no matter the amount of arrears and reinstatement amount due and payable under the Loan he will be able to bring the arrears due and payable under the Note and Deed of Trust current within the next ninety (90) days through (a) proceeds from the estate of Plaintiff's grandfather and/or (b) Plaintiff's personal funds and/or (c) loans from Plaintiff's family." *Id.* ¶ 9. Despite this assertion, Plaintiff does not clearly state any cause of action in his petition.  He instead requests declaratory judgment regarding the reinstatement amount due and injunctive relief to prevent a foreclosure sale.

On May 6, 2014, the state court granted Plaintiff's request for a temporary restraining order ("TRO"). Docket No. 1, Ex. A-3.  Nine days later, Defendant removed the action to this Court based on diversity jurisdiction. Docket No. 1.[2]  On May 20, 2014, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Docket No. 3. Plaintiff has not responded.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure mandate that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although all factual allegations in a complaint are taken to be true and are construed in the light most favorable to the plaintiff, to survive a Rule 12(b)(6) motion, a complaint must contain

---

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332 (conferring original district court jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000). Plaintiff is a citizen of Texas, and Defendant is a citizen of Ohio. *See* Pet. at 1-2 (noting that Plaintiff is a citizen of Texas and a resident of Bexar County); Not. of Removal at 3 (noting that Defendant is a national bank with its main office, as set forth in its articles of association, in Columbus, Ohio); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located).  The value of Plaintiff's property, as appraised by the Bexar County Central Appraisal District, is $185,710. *See* Not. of Removal at 3; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for cases in which the plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy).

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S., at 555).  Instead, to survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S., at 570).

### III. DISCUSSION

Plaintiff does not assert any legal cause of action.  Instead, he asserts that "substantial uncertainty exists regarding the amounts due and payable under the loan." Pet. ¶ 10.  He requests declaratory relief for the precise reinstatement amount due and injunctive relief to stop a foreclosure sale until he receives a declaration of the amount due and time to cure.

Declaratory and injunctive relief are procedural devices only; they fail unless tied to a viable cause of action. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240 (1937) (noting that declaratory relief is a procedural device for granting a remedy and does not create any substantive rights or causes of action); *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming a district court's denial of injunctive relief when a plaintiff failed to state a claim).[3]  By failing to state a cause of action, Plaintiff has not provided a short and plain statement showing that he is entitled to the declaratory or injunctive relief he seeks. *See* FED. R. CIV. P. 8(a)(2); *Iqbal*, 556 U.S. at 678.  Accordingly, Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim is granted. *See* FED. R. CIV. P. 12(b)(6).

Nevertheless, Plaintiff received a TRO from the state court, which has since expired. *See* TEX. R. CIV. P. 680 ("Every temporary restraining order . . . shall expire by its terms within such

---

[3] *see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act . . . is merely a procedural device; it does not create any substantive rights or causes of action.") *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting that under Texas law an injunction is an equitable remedy, not a cause of action).

time after signing, not to exceed fourteen days."). Therefore, to provide Plaintiff an opportunity to allege additional facts and to specify the cause or causes of action he wishes to pursue, the Court grants Plaintiff the opportunity to replead his claim, pursuant to federal pleading standards. *See* FED. R. CIV. P. 8; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 3) is GRANTED without prejudice to Plaintiff refiling an amended complaint. Plaintiff is directed to file an amended complaint on or before **July 25, 2014**, specifying the cause or causes of action upon which he believes he is entitled to relief and sufficient factual matter to state a claim to relief that is plausible on its face. If Plaintiff fails to file an amended complaint by that date, the Court will dismiss Plaintiff's complaint with prejudice.

It is so ORDERED.

SIGNED this 11th day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE